U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 13 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE LAWRENCE DAVIS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-482-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Joe Lawrence Davis, TDCJ # 921725, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Livingston, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In January 2000 Davis pled guilty pursuant to an open plea in state court to aggravated sexual

assault of an elderly woman, and was sentenced to twenty years' imprisonment. (Clerk's R. at 8-18) The Second District Court of Appeals of Texas affirmed the trial court's judgment on July 6, 2001. *Davis v. Texas*, No. 02-00-173-CR, slip op. (Tex. App.–Fort Worth July 6, 2001) (not designated for publication). Under state law, Davis had until Monday, August 6, 2001, to file a timely petition for discretionary review but did not. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Davis filed three state habeas applications challenging his conviction. The first, filed on July 2, 2003, was denied by the Texas Court of Criminal Appeals on December 17, 2003, on the findings of the trial court. *Ex parte Davis*, State Habeas Application No. WR-57,366-01, at cover. Davis filed two subsequent state habeas applications that were dismissed by the Texas Court of Criminal Appeals as successive. *Ex parte Davis*, State Habeas Application Nos. WR-57, 366-03 & -04, at cover. In 2009 Davis filed a motion for DNA testing in the trial court that was denied. (03State Habeas R., at 31) Police records reflected that all forensic DNA evidence in his case had been destroyed on January 31, 2001. (Pet'r Memorandum, attachments) Davis filed this federal petition on August 10, 2009.[1] As ordered, Thaler has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations, to which Davis replied.

D. ISSUES

In this petition, Davis claims he is actually innocent and asserts that he received ineffective assistance of trial counsel, that the state suppressed and later destroyed DNA evidence, and that the parties involved in his case conspired against him. (Petition at 7-8)

---

[1] Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Although Davis indicates on his petition that he placed the document in the prison mailing system on August 7, 2009, the declaration was signed by Davis on August 10, 2009.

E. STATUTE OF LIMITATIONS

Thaler argues that Davis's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Resp. at 4-7) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Davis attempts to invoke § 2244(d)(1)(B) or (C), the "state created impediment" and "factual predicate" exceptions, as the operative start date for limitations. (Pet'r Rebuttal at 1-7) He argues the state's destruction of DNA evidence in January 2001, without notice to him, created an

impediment to his filing, and the fact that he did not learn of the state's destruction of the DNA evidence until 2009, renders his petition timely under one or both of those provisions. However, if Davis believed he was actually innocent and that DNA testing could exonerate him, then these facts would have been apparent to him at the time he entered his guilty plea in 2000.[2] The record demonstrates substantial delay on Davis's part, and he offers no excuse for his failure to diligently pursue federal habeas relief on his claims. Neither the destruction of the DNA evidence by the state in 2001 after Davis pled guilty nor the denial of DNA testing nine years after the fact provide any basis for extending the limitations period or new grounds for federal habeas relief. *See Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir. 1998).

Instead, under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Davis's conviction became final and the one-year limitations period began to run upon expiration of the time that Davis had for filing a timely petition for discretionary review in the Texas Court of Criminal Appeals on August 6, 2001, and closed one year later on August 6, 2002, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts,* 319 F.3d at 694.

Davis is not entitled to statutory tolling under § 2244(d)(2). His state habeas applications and his motion for DNA testing, filed after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). *See also Hutson v. Quarterman,* 508 F.3d 236, 240 (5th Cir. 2007) (holding motion to test DNA evidence under article

---

[2] DNA testing was conducted before the plea proceedings and the results showed an extremely high probability, 99.83%, that Davis was the person who sexually assaulted the victim. Davis fails to establish how additional testing would have exonerated him.

64 of the Texas Code of Criminal Procedure constitutes "other collateral review" for purposes of § 2244(d)(2)). Nor has Davis alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Nothing in the record suggests that Davis was actively misled by the state about filing deadlines or prevented in some extraordinary way from asserting his rights. Claims of actual innocence do not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d at 171-72 (5th Cir. 2000).

Davis's petition was due on or before August 6, 2001. Accordingly, his petition filed on August 10, 2009, is untimely.

## II. RECOMMENDATION

Davis's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

5

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 4, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 4, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 13, 2009.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE